IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PATTY LEE QUICK                                                                 PLAINTIFF

v.                                         CIVIL NO. 10-2058

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Patty Lee Quick, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on February 5, 2007, alleging an inability to work since September 16, 2004, due to bipolar disorder, anxiety, chronic pain, fibromyalgia, gastroesophageal reflux disease, abdominal pain, irritable bowel syndrome, and memory problems. (Tr. 107-112). For DIB purposes, Plaintiff maintained insured status through June 30, 2005. (Tr. 55). An administrative hearing was held on December 4, 2008, at

which Plaintiff appeared with counsel and testified. (Tr. 7-47).

By written decision dated September 18, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 57). Specifically, the ALJ found Plaintiff had the following severe impairments: bipolar disorder; anxiety disorder and/or conversion disorder; and borderline and histrionic personality traits and/or dependent traits. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 59). The ALJ found Plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has no exertional limitations. The undersigned further finds that the claimant can perform unskilled work where interpersonal contact is incidental to the work performed, but have no contact with the general public.

(Tr. 61). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a hand packager, a housekeeper, and a poultry eviscerator. (Tr. 64).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 5, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). Plaintiff moves to supplement the record with additional medical evidence. (Docs. 10-12). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.  Discussion:

We will first address Plaintiff's motion to supplement the record with additional medical evidence. Plaintiff moves to supplement the record with medical evidence from Perspectives Behavioral Health Management, LLC, Plaintiff's mental health provider, for the time periods of July 22, 2010, through October 19, 2010, and October 8, 2010, through January 5, 2011 (Doc. 10 Exhibit A, Doc. 11 Exhibit A, Doc. 12 Exhibit C); and a Mental Medical Source Statement provided by Ms. Amber Waite, LPE, dated December 2, 2010.[1] (Doc. 12 Exhibit B). Defendant objects to the motion arguing that the medical evidence does not pertain to Plaintiff's impairments during the relevant time period. (Doc. 13).

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

---

[1] The Court would note that Plaintiff's counsel has started to file motions for new and material evidence in numerous cases before this Court and that most of this evidence has been dated after the relevant time period or consists of arguments that have already been made in Plaintiff's appeal brief. Plaintiff's counsel is cautioned to more closely review the medical evidence he believes to be new and material to make sure that it is relevant to the time period in question prior to filing these motions.

42 U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Id. at 1215. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). The evidence at issue relates to Plaintiff's mental condition over ten months after the ALJ's decision. Plaintiff argues that Plaintiff's therapist opined that the RFC questionnaire that she completed on December 2, 2010, relates back to Plaintiff's condition as of February of 2007. As Defendant argued in his Response, the Court's review of the evidence fails to show that Plaintiff's therapist related the questionnaire back to February of 2007.[2] We find these records do not relate to Plaintiff's condition as it existed at the time the ALJ made his decision and, thus, are not material to Plaintiff's instant application. Thomas, 928 F.2d at 261. Therefore, remand for consideration of additional medical records pursuant to sentence six of 42 U.S.C. § 405(g) is not warranted. However, when considering the merits of the case, remand is warranted pursuant to sentence four of 42 U.S.C. § 405(g).

In the present case, the ALJ found that Plaintiff did not have any severe physical impairments. (Tr. 59). Specifically, the ALJ stated Plaintiff did not have "severe impairments with regard to her allegations of disability due to migraine headaches, tremors, a possible diagnosis of Huntington's disease, fibromyalgia with chronic pain, thyroid abnormality and IBS/acid reflux." After reviewing the evidence of record, the undersigned does not find

---

[2] As noted by Plaintiff, February of 2007 is well after the date Plaintiff's insured status expired.

AO72A
(Rev. 8/82)

substantial evidence to support the ALJ's determination that Plaintiff does not have a severe physical impairment.

An impairment can be characterized as non-severe only if it does not significantly limit the claimant's ability to do basic work activities. See Bowen v. Yuckert, 482 U.S. 137, 158 (1987); see also 20 C.F.R. §§ 404.921(a), 416.921(a). At step two of the analysis, Plaintiff need only demonstrate more than a slight impairment that would interfere with basic work activities not preclusion from all work activity. Bowen, 482 U.S. at 158. With regard to Plaintiff's complaints of fibromyalgia and chronic pain, the ALJ stated that Plaintiff reported to Dr. Richey that she had fibromyalgia, that Dr. Richey did not refer Plaintiff to a rheumatologist for further work-up, and that physical examinations did not demonstrate the examination findings normally associated with fibromyalgia. (Tr. 58). The Court would first point out that many of the treatment notes only include the first page of a visit and do not contain the physician's examination findings or diagnoses.[3] Furthermore, the medical evidence clearly reveals that Plaintiff consistently complained of chronic pain, general weakness, fatigue and numbness and tingling in her legs. (Tr. 333-345, 353, 369-372, 415, 424, 431, 504, 518, 523-524, 534-535). Plaintiff was also diagnosed with neuropathy in December of 2008. (Tr. 539). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's alleged physical impairments.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff -- including Dr. Jason D. Richey-- asking the physicians to

---

[3]Treatment notes dated December 12, 2008, appear to be complete; however, many of the treatment notes only include Plaintiff's complaints and a review of systems and not the diagnoses. (Tr. 521-524,538-539).

review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. Chitwood v. Bowen, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985). If further development of the record on the issue of Plaintiff's physical RFC is necessary, the ALJ should also order a consultative general physical examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. §§ 404.1517, 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to Plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to Dr. Sasi Sundaram, asking the physician to review Plaintiff's medical records and complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.   Conclusion:**

Accordingly, we conclude that Plaintiff's motion to submit new and material evidence be denied; and that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to

the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of May 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)